```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```

| | |
|---|---|
| THE RESOURCE GROUP INTERNATIONAL LIMITED,<br><br>       Petitioner,<br><br>    -v-<br><br>MUHAMMAD ZIAULLAH KHAN CHISHTI,<br><br>       Respondent. | 25-cv-1021 (JSR)<br><br>ORDER |

JED S. RAKOFF, U.S.D.J.:

On February 11, 2025, petitioner The Resource Group International Limited ("TRG-I") moved for a preliminary injunction. See ECF Nos. 13-16. The requested injunction relates to a "Partial Final Award," see Ex. 15 to ECF No. 14, which was issued by the arbitrator after the parties to this case commenced an arbitration to resolve a contractual dispute.

In relevant part, in the "Partial Final Award," the arbitrator concluded that TRG-I's "affirmative claim that Respondent breached Section 8.6(a) of the SPA has been established and is therefore GRANTED." See id. at 59. The arbitrator also granted TRG-I's requests for declaratory relief, declaring that: (1) "the Tribunal has adopted [TRG-I's] proffered interpretation of Section 8.6(a) both as a matter of law and in light of the relevant parol and other extrinsic evidence"; (2) "Respondent's Transfers of Other Shareholders Shares -- for which he neither sought nor received AIG's prior written approval -- violate what the Tribunal has concluded are the plain and

1

unambiguous terms of Section 8.6(a) of the SPA"; (3) "all of Respondent's existing pledges on his TRG-P and/or TRG-I shares violate the Transfer Restrictions established within Section 8.6(a) of the SPA, because Respondent did not seek or receive AIG's prior written approval for those pledges"; and (4) "if and when the Pakistani Court lifts or modifies the current injunction, Respondent is affirmatively required to specifically perform his obligations under Section 8.6(a) of the SPA by immediately releasing all existing pledges on his TRG-P and/or TRG-I shares." Id. at 59-60.

Most relevant here, the arbitrator granted TRG-I's request for a permanent injunction as part of the "Partial Final Award": "[T]he Tribunal hereby enjoins Respondent from any future non-compliance with or other violation of the clear and unambiguous Transfer Restrictions established by Section 8.6(a) of the SPA, as they have been interpreted herein. However, the sale restrictions within Section 8.6(a) shall not apply in relation to any TRG-P shares currently owned by Respondent that were purchased between October 4, 2005 and October 10, 2022 -- which, the Tribunal clarifies, Respondent may freely sell."[1] See id. at 60.

---

[1] In a subsequent order, issued on February 27, 2025, the arbitrator "clarifie[d] that the term 'freely sell' as used with respect to the equitable 'carve-out' that is applicable to any TRG-P shares that Respondent acquired between October 4, 2005 and October 10, 2022, is properly understood to mean that Respondent's ability to sell those TRG-P shares is subject to no restriction whatsoever, including any otherwise established within Section 8.6(b) and 8.6(c) of the SPA." ECF No. 21-1 at 6.

2

At the hearing on the instant motion held on March 10, 2025, the Respondent's chief objection to issuing an injunction that simply enforced the "Partial Final Award" was that, in light of parallel injunctions already issued by the Pakistani courts, Petitioner had failed to make the showing of "irreparable harm" required for a preliminary injunction to issue. See Pharaohs GC, Inc. v. U.S. Small Bus. Admin., 990 F.3d 217, 225 (2d Cir. 2021). Respondent Chishti has admitted that he hopes to sell many of his shares, which, he insists, he is permitted to do under the arbitrator's award. See ECF No. 18 at 2, 20. TRG-I strongly disputes that Chishti's shares were purchased within the period carved out by the arbitrator and that they may thus be sold. While that factual dispute is not before the Court in this motion, Chishti's eagerness to sell some of his shares demonstrates the significant potential harm faced by TRG-I. If Chishti sells any TRG-P shares in contravention of the arbitrator's award, third parties may accrue property rights in those shares, and the outcome of the parties' contractually agreed-upon arbitration proceeding would be frustrated. Further, TRG-I has submitted some evidence -- again, evidence that is disputed -- to indicate that Chishti has a history of pushing the boundaries of his legal obligations. Taken together, the Court finds that TRG-I has established a likelihood of irreparable harm.

Contrary to Chishti's arguments, the Court is not convinced that the injunctions entered in Pakistan undermine a finding of irreparable harm in this case. To start, Chishti appears to be challenging in

3

Pakistan the injunctions entered by the Pakistani courts. See id. at 11-12. Practically, this Court cannot ensure that those injunctions will remain in place or that, even if they do, they will be enforced. More directly, the Court understands that the New York Convention contemplates that more than one country may enforce an arbitration award. See CBF Indústria de Gusa S/A v. AMCI Holdings, Inc., 850 F.3d 58, 71-72 (2d Cir. 2017). The Court fails to see why if more than one country may enforce a permanent injunction awarded by an arbitrator, more than one country may not also enter preliminary relief to ensure that same award is safeguarded pending confirmation.

Accordingly, the Court hereby adopts as its own preliminary injunction the precise injunction issued by the arbitrator in the "Partial Final Award" as clarified by the arbitrator in his order of February 27, 2025. The injunction applies to Respondent and anyone acting in concert with him.

SO ORDERED.

New York, NY
March 11, 2025

_____
JED S. RAKOFF, U.S.D.J.