```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```

| | |
|---|---|
| THE RESOURCE GROUP INTERNATIONAL LIMITED,<br><br>　　　　Petitioner,<br><br>　-v-<br><br>MUHAMMAD ZIAULLAH KHAN CHISHTI,<br><br>　　　　Respondent. | 25-cv-1021 (JSR)<br><br>OPINION & ORDER |

JED S. RAKOFF, U.S.D.J.:

On June 18, 2025, the Court issued an Opinion and Order granting the petition of The Resource Group International Limited ("TRG-I") to confirm the underlying arbitration award in this matter; denying the cross-petition of respondent Muhammad Ziaullah Khan Chishti to the extent that it sought vacatur of that award; and granting Chishti's cross-petition to the extent that it sought partial confirmation of the award. See ECF No. 40. Judgment issued on June 20, 2025. See ECF No. 41.

Now before the Court is Chishti's motion for relief from the judgment under Federal Rule of Civil Procedure 60(b) or, in the alternative, for a stay of enforcement of the judgment. See ECF No. 42. Chishti contends that such relief is warranted because the highest court of the province of Sindh, Pakistan, rendered a decision in related litigation involving TRG-I's parent company, TRG Pakistan Limited ("TRG-P"), the same day that this Court's judgment issued. In that decision, the effect of which was subsequently stayed by the

1

Supreme Court of Pakistan, the High Court of Sindh concluded that the affairs of TRG-P have been managed fraudulently and in a manner oppressive to certain shareholders, including Chishti. See ECF No. 44 at 3-7; ECF No. 43-1 (High Court of Sindh decision); ECF No. 43-2 (Supreme Court of Pakistan decision).[1] According to Chishti, the findings of the High Court of Sindh merit vacatur of the arbitration award in this matter. See ECF No. 44 at 17-21. In the alternative, Chishti requests that this Court stay enforcement of the judgment on the grounds of international comity, or, in the further alternative, stay enforcement of the judgment pending appeal. See id. at 21-25. Briefing on Chishti's motion concluded on August 1, 2025. See ECF Nos. 47, 48. The Court presumes the parties' familiarity with the background and procedural history of this action.

For the reasons that follow, Chishti's motion is hereby denied in its entirety.

First, Rule 60(b) permits Chishti to seek relief only against this Court's judgment, not the underlying arbitration award. See, e.g., Arrowood Indem. Co. v. Equitas Ins. Ltd., No. 13 Civ. 7680, 2015 WL 2258260, at *3-4 (S.D.N.Y. 2015) (observing that "Rule 60(b)(3) cannot be used to challenge directly the arbitration proceedings or the resultant award" and noting that the Second Circuit "has found Rule 60(b) a procedurally improper means of redressing alleged wrongs

---

[1] See also ECF No. 49 (declaration by former Chief Justice of Supreme Court of Pakistan opining, under Pakistani law, that effect of Supreme Court of Pakistan's order is to stay effect of High Court of Sindh's decision, not vacate High Court of Sindh's legal conclusions).

2

or oversights in arbitration proceedings"); Hough v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 757 F. Supp. 283, 289-90 (S.D.N.Y. 1991) ("Rule 60 is . . . unavailable to contest the arbitrators' decision"); Lafarge Conseils et Etudes, S.A. v. Kaiser Cement & Gypsum Corp., 791 F.2d 1334, 1339 (9th Cir. 1986) (holding that losing party in proceeding to confirm arbitration award "may not now collaterally attack the award under the guise of a motion to set aside the judgment confirming the award").[2] Nowhere in Chishti's moving papers does he contend that proceedings before this Court were themselves attended by fraud, misrepresentation, or misconduct, as would be required to merit relief under Rule 60(b)(3). See ECF No. 44 (alleging fraud only in the arbitration); Arrowood, 2015 WL 2258260, at *3. It is only on reply that Chishti pivots to a different argument, namely, that TRG-I's alleged misconduct in the arbitration "flowed through" to the proceedings to confirm the arbitration award, such that TRG-I "evidently perjured itself" when, in its petition to this Court, it represented that there had been no suggestion of fraud in the arbitration. ECF No. 50 at 3-4 (citing ECF No. 3 at 7-8).[3]

---

[2] Accordingly, Chishti's arguments for vacatur of the arbitration award under CPLR 7511, as distinct from his arguments seeking relief from this Court's judgment, are inapposite in this procedural posture. Chishti's implication that the instant motion for reconsideration could entitle him to relief under CPLR 7511 similar to that which he sought in his original cross-petition to vacate the arbitration award is plainly incorrect. See ECF No. 44 at 19; ECF No. 50 at 6-7.

[3] Chishti filed an amended version of his reply brief on August 4, 2025, to correct certain errata in the original version. See ECF Nos. 48, 50, 51. The Court cites to the amended brief.

To prevail on a motion for reconsideration under Rule 60(b)(3), Chishti must show (1) by clear and convincing evidence that TRG-I engaged in fraud, misrepresentation, or misconduct before this Court and (2) that the fraud, misrepresentation, or misconduct substantially interfered with Chishti's ability to present his case. See Thomas v. City of New York, 293 F.R.D. 498, 503 (S.D.N.Y. 2013).

Chishti's belated and conclusory assertions hardly constitute clear and convincing evidence that TRG-I engaged in fraud or misconduct before this Court. For instance, Chishti alleges that certain representations about the arbitration that TRG-I made to this Court must have been knowingly false. See ECF No. 50 at 3-4 (citing ECF 3 at 7-8). But the mere fact that, on March 22, 2025, Chishti initiated an action before the High Court of Sindh in which he claimed that TRG-P (a legally separate entity from TRG-I) was being fraudulently managed in connection with a different (albeit related) corporate dispute cannot establish that TRG-I's representations to this Court more than six weeks earlier, on February 5, 2025, were perjurious. See ECF No. 44 at 23. Chishti does not point to any other concrete effect that TRG-I's alleged malfeasance could allegedly have had on this Court's proceedings. See ECF No. 50 at 3-4.

Moreover, Chishti offers nothing other than ipse dixit to support his claim that he could not have discovered TRG-I's allegedly fraudulent conduct while the arbitration was ongoing. See ECF No. 44 at 19; cf. Bonar v. Dean Witter Reynolds Inc., 835 F.2d 1378, 1383 (11th Cir. 1988) (on motion for reconsideration of arbitration award

4

under Rule 60(b)(3), fraud "must not have been discoverable upon the exercise of due diligence prior to or during the arbitration"). The evidence is plainly to the contrary. Chishti's own moving papers acknowledge that during the pendency of the arbitration and the proceedings in this Court, Chishti was alleging fraud in a separate arbitration as well as in his action before the High Court of Sindh. See ECF No. 44 at 3-6, 19.[4] Yet the cross-petition and supporting papers that Chishti submitted to this Court were silent as to even the existence of the separate arbitration and the action in Sindh; they were equally devoid of allegations of fraud or misconduct in the underlying arbitration here. See generally ECF Nos. 26, 33. Rule 60(b)(3) does not allow Chishti to hold claims of fraud in reserve and present them only after judgment is entered. See, e.g., Alvarado v. City of New York, 482 F. Supp. 2d 341, 344 n.2 (S.D.N.Y. 2007) (observing that motions for reconsideration are not appropriate vehicles for the presentation of new arguments).

Chishti has also not articulated a valid basis for relief under Rule 60(b)(6), the rule's so-called "catchall" provision. He has not shown the existence of "extraordinary circumstances" or "extreme and undue hardship," and the catchall provision generally "cannot be used

---

[4] Moreover, TRG-I presents evidence showing that Chishti raised allegations of fraud, misconduct, and shareholder oppression in the underlying arbitration as well. See ECF No. 47 at 15-16 (citing ECF 48-7, 48-8, 48-9, and 48-10). The arbitrator did not expressly address Chishti's accusations in the Final Award, see ECF No. 36-1, but there is no reason to construe the arbitrator's silence as acceptance of Chishti's claims.

5

to raise new claims or defenses or present new arguments that could have been raised earlier." Romeo v. Aid to the Developmentally Disabled, Inc., No. 11 Civ. 6340, 2015 WL 10742764, at *2-3 (E.D.N.Y. Jan. 7, 2015). Once again, the first page of Chishti's moving papers reveals his true complaint: that TRG-I's alleged fraud "infect[ed] all aspects of the arbitration." ECF No. 44 at 1 (emphasis added); see also id. at 17, 19, 20 (each similar). And because Chishti has not shown (and indeed cannot show) that the alleged fraud was unknown to him at the time he filed his cross-petition before this Court, his arguments plainly "could have been raised earlier," Romeo, 2015 WL 10742764, at *3, and, thus, relief under Rule 60(b)(6) is unavailable.[5]

Second, Chishti seeks the purportedly separate relief of a declaration that the arbitration was nonbinding because the parties' agreement provides for an "appeal from" or "reexamination of" a final arbitration award "in the case of fraud or perjury or misconduct by the arbitrator." See ECF No. 44 at 19-21 (quoting ECF No. 1-2 § 10.16); ECF No. 50 at 7-9. That route, too, is foreclosed -- even assuming, arguendo, that it would somehow be proper for Chishti to seek such a declaration via a Rule 60(b) motion. Although the relevant provision of the parties' agreement is ambiguous as to whether the phrase "by the arbitrator" applies to all three of the preceding nouns -- "fraud,"

---

[5] Chishti argues that TRG-I has not responded to, and thus has conceded, the prong of his motion under Rule 60(b)(6). See ECF No. 50 at 5. But TRG-I's main argument in opposition to Chishti's motion, namely, that Chishti is seeking relief against the arbitration award rather than this Court's judgment, see ECF No. 47 at 8-18, applies with equal force to subsections (b)(3) and (b)(6).

6

"perjury," and "misconduct" -- the Court need not resolve that ambiguity because the Federal Arbitration Act and New York law both prohibit parties from adding by contract to the statutory grounds for vacatur. See Hall St. Assocs., L.L.C. v. Mattel, Inc., 552 U.S. 576, 578 (2008) (holding that the grounds for vacatur enumerated in Sections 10 and 11 of the Federal Arbitration Act are "exclusive" and may not "be supplemented by contract"); Hackett v. Milbank, Tweed, Hadley & McCloy, 86 N.Y.2d 146, 154 (1995) (holding that "the only grounds for vacating the arbitrator's award" are those provided in CPLR 7509 and 7511). For his novel suggestion that the Court could somehow declare the arbitration award "nonbinding" without vacating it -- and could somehow do so even after having confirmed the award -- Chishti cites only the generic proposition that arbitration is a matter of contract. See ECF No. 50 at 8-9. That is far too slender a reed to support upsetting the finality of both the arbitration award and this Court's judgment.

Because Chishti cannot properly seek relief under any prong of Rule 60(b), the Court need not reach the parties' further arguments about the substance of the rulings issued by the courts of Pakistan, the relationship of those rulings to the arbitration proceeding, or the potential effect of those rulings on the arbitrator's decision.

Third, Chishti has not shown that a stay of enforcement of the judgment is warranted. Chishti appears to seek such a stay on two grounds. On the one hand, he discusses international comity, arguing that respect for the courts of Pakistan, fairness to litigants, and

7

judicial economy merit a stay while the litigation in Pakistan proceeds. See ECF No. 44 at 21-24; ECF No. 50 at 9-10. But only a few of the factors that the Second Circuit has directed courts to consider in evaluating motions based on comity are present here. See Royal & Sun All. Ins. Co. of Canada v. Century Int'l Arms, Inc., 466 F.3d 88, 94 (2d Cir. 2006) (enumerating non-exhaustive list of considerations, including "the similarity of the parties, the similarity of the issues, the order in which the actions were filed, the adequacy of the alternate forum, the potential prejudice to either party, the convenience of the parties, the connection between the litigation and the United States, and the connection between the litigation and the foreign jurisdiction"). The parties to the proceedings in Pakistan include both TRG-I and Chishti, but they also include TRG-P, Pakistan's Securities and Exchange Commission, and other entities and individuals. See ECF No. 43-1 at 1. The Pakistani proceedings primarily concern TRG-P's governance and alleged malfeasance by its directors in connection with transactions other than the sales of stock by Chishti that are at issue in the underlying arbitration. See id. at 2, 47-52. Next, the instant action was filed first, some six weeks before the action in Pakistan. ECF No. 44 at 23. The Pakistani litigation arose under that country's Companies Act, not under United States law or the law of any U.S. state, see No. 43-1 at 2, and there is no evident connection between the Pakistani litigation and the United States. Moreover, TRG-I persuasively argues that a stay would cause substantial prejudice to its interests, in light of Chishti's

alleged history of moving and concealing assets to avoid liabilities. See ECF No. 47 at 22-25; cf. Motorola Credit Corp. v. Uzan, 978 F. Supp. 2d 205, 215 (S.D.N.Y. 2013) (considering debtor's history of hiding assets in deciding request to remove freeze on assets pending appeal). The only factors that support the granting of a stay on comity grounds are the adequacy of Pakistan's courts, the potential prejudice to Chishti, and Chishti's convenience, but those factors are far outweighed by the others.[6]

On the other hand, and separate from his arguments for a stay on comity grounds, Chishti argues for a stay of enforcement pending appeal. See ECF No. 44 at 24; ECF No. 50 at 10. Such a stay "is not a matter of right, even if irreparable injury might result," and is "instead an exercise of judicial discretion." New York v. Trump, 490 F. Supp. 3d 736, 741 (S.D.N.Y. 2020) (quoting Nken v. Holder, 466 U.S. 418, 433 (2009)). Chishti has not satisfied any of the stay factors. He has not "made a strong showing" of likelihood of success on the merits because, as the Court explained above, he is not entitled to relief under Rule 60(b). Chishti does not argue that he will suffer irreparable harm. See generally ECF Nos. 44, 48. The equities do not favor Chishti because, even though Chishti argues that the enforcement

---

[6] This Court's decision in Olin Corp. v. Lamorak Ins. Co., No. 84 Civ. 1968, 2021 WL 982426 (S.D.N.Y. Mar. 15, 2021), on which Chishti relies, is entirely inapposite. Olin concerned an application for a stay of judgment under principles of interstate rather than international comity. See id. at *3-4. Moreover, the Court held that a stay was appropriate because the defendant was the subject of multiple liquidation proceedings, and those proceedings, which affected numerous creditors of the defendant, were underway. See id.

proceedings that TRG-I has commenced in Bermuda may delay his achievement of a commercial goal, TRG-I would be disadvantaged by a delay in enforcement of the award of attorney's fees or by a stay of the injunctive relief granted by the arbitrator and confirmed in this Court's judgment. Finally, to the extent that this matter implicates the public interest, that interest lies with the implementation of longstanding policy favoring arbitration. See, e.g., KPMG LLP v. Cocchi, 565 U.S. 18, 21 (2011); Hackett, 86 N.Y.2d at 154-55.

    For all these reasons, the Court denies Chishti's motion. The Clerk of Court is respectfully directed to terminate the motion at docket number 42.

    SO ORDERED.

New York, NY  
August 11, 2025

_____  
JED S. RAKOFF, U.S.D.J.