```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```

| | |
|---|---|
| THE RESOURCE GROUP INTERNATIONAL LIMITED, <br><br> Petitioner, <br><br> -v- <br><br> MUHAMMAD ZIAULLAH KHAN CHISHTI, <br><br> Respondent. | 25-cv-1021 (JSR) <br><br> MEMORANDUM ORDER |

JED S. RAKOFF, U.S.D.J.:

Before the Court is the motion of respondent Muhammad Ziaullah Khan Chishti to quash seven third-party asset discovery subpoenas that petitioner The Resource Group International Ltd. ("TRG-I") served on banks and law firms presently or formerly affiliated with Chishti. See ECF No. 53. Chishti's motion was fully briefed on September 2, 2025. See ECF Nos. 56, 58. Chishti objects to the subpoenas on the grounds that (1) TRG-I did not provide Chishti with notice of the subpoenas under Federal Rule of Civil Procedure 45(a)(4) and (2) the subpoenas seek documents protected by "the attorney-client and other privileges." See generally ECF No. 54. For the following reasons, Chishti's motion is hereby granted in part and denied in part.

The Court presumes the parties' familiarity with the factual background and procedural history of this action. In brief, on June 18, 2025, the Court issued an Opinion and Order granting TRG-I's petition to confirm an arbitration award against Chishti and denying Chishti's cross-petition to the extent that it sought vacatur of that

award. See ECF No. 40. Judgment was entered on June 20, 2025. See ECF No. 41. Then, on August 11, 2025, the Court issued an Opinion and Order denying Chishti's motion for relief from the judgment or, in the alternative, for a stay of enforcement proceedings. See ECF No. 52.

On July 22, 2025, after judgment was entered but while Chishti's motion for relief from the judgment or for a stay of enforcement proceedings was pending, TRG-I served subpoenas on seven third-party entities: law firms Ronald Sullivan Law PLLC, Brown Rudnick LLP, Cozen O'Connor PC, Ferraiuoli LLC, and Sheppard Mullin Richter & Hampton LLP and financial institutions Banco Popular de Puerto Rico and Stanford Federal Credit Union. See ECF No. 55 ¶¶ 3-9 & Exs. 1-7. TRG-I did not notify Chishti of the issuance of any of the subpoenas until August 15, 2025, when TRG-I informed Chishti of the issuance of the subpoena to Banco Popular de Puerto Rico. See ECF No. 55 ¶¶ 10, 12 & Ex. 8.[1] Each of the subpoenas bore a return date of August 21, 2025. See, e.g., ECF No. 55, Ex. 1 at 2. On that date, Chishti filed the instant motion to quash the subpoenas. See ECF No. 53.

Before turning to the merits of Chishti's objections to the subpoenas, the Court addresses a threshold issue. While three of the subpoenas require compliance within the Southern District of New York, the remaining four subpoenas require compliance within other judicial

---

[1] TRG-I served one of the subpoenas on Chishti's counsel in the present action, Sheppard Mullin Richter & Hampton LLP, but did not provide separate notice to Chishti's lawyers at that firm. See ECF No. 55 ¶ 10 & Ex. 5. Thus, Chishti was likely aware of at least the subpoena to Sheppard Mullin before receiving formal notice from TRG-I concerning any of the subpoenas. See ECF No. 56 at 5 n.1, 9-10.

2

districts. See ECF Nos. 55, Exs. 1-7. Under Federal Rule of Civil Procedure 45(d)(3), a motion to quash or modify a subpoena is to be filed in "the court for the district where compliance is required." Hence, Rule 45(d)(3) requires Chishti to challenge each subpoena in the relevant judicial district. But courts have regularly treated Rule 45(d)(3)'s venue requirement as non-jurisdictional and subject to waiver. See, e.g., Joffe v. King & Spalding LLP, No. 17 Civ. 3392, 2020 WL 3453452, at *4-5 (S.D.N.Y. June 24, 2020); Sol v. Whiting, No. 10 Civ. 1061, 2014 WL 12519787, at *2 (D. Ariz. Sept. 9, 2014). Here, on a telephonic conference with the Court held on September 10, 2025, both TRG-I and Chishti waived any objection under Rule 45(d)(3) and consented to venue in this Court as to all seven challenged subpoenas. With the threshold issue thus resolved, the Court now turns to the merits of Chishti's motion.

First, Chishti argues that all seven subpoenas should be quashed because TRG-I violated Rule 45(a)(4) by not providing him with the notice purportedly required under that rule. See ECF No. 54 at 6-9. This argument fails because, as Chishti's moving papers concede, courts have regularly held that Rule 45(a)(4) and the New York CPLR both exempt post-judgment subpoenas from their notice requirements. See id. at 8-9; ECF No. 58 at 1-3; see also ECF No. 56 at 6-10. For example, a court in this District recently held in Stati v. Republic of Kazakhstan that "[n]either the Federal Rules of Civil Procedure nor New York law require a judgment creditor to provide notice to the judgment debtor when issuing post-judgment discovery subpoenas to non-

parties." No. 19 Misc. 382, 2024 WL 3442663, at *7-8 (S.D.N.Y. July 17, 2024). The Stati court noted that Federal Rule of Civil Procedure 69(a)(2) permits judgment creditors to "obtain discovery from any person . . . as provided in these rules or by the procedure of the state where the court is located." See id. at *7. As to the Federal Rules of Civil Procedure, the court reasoned that because Rule 45(a)(4) refers to certain subpoenas issued "before trial," the "natural implication is that subpoenas issued after trial -- i.e., post-judgment subpoenas -- are exempt from the notice requirement." Id. at *7 n.3 (collecting cases). And as to New York law, the court observed that the relevant provisions of the CPLR "authorize broad post-judgment discovery from 'any person' but do not contain any notice provision." Id. at *7 (citing N.Y. CPLR 5223, 5224). "[G]iven the notice provisions otherwise set forth in [the relevant article of the CPLR], the Legislature's failure to include a notice requirement in CPLR 5223 and 5224 indicates that the omission was intentional." Id. (quoting Encalada v. CPS1 Realty LP, No. 104782/2007, 2014 WL 2623602 (N.Y. Sup. Ct. June 10, 2014)).

This Court generally agrees with the analysis set forth in Stati. Courts applying New York law have consistently held that the CPLR does not require a party issuing a post-judgment subpoena to a third party to provide notice thereof. See Encalada, 2014 WL 2623602 (collecting New York authorities). Here, however, TRG-I issued the subpoenas under Rule 45. See ECF No. 56 at 9. There is an open question as to whether Rule 45(a)(4)'s requirement of notice for certain subpoenas served

4

"before trial" applies to the subpoenas at issue. The rule provides that "[i]f the subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial," then notice is required. Fed. R. Civ. P. 45(a)(4). Chishti argues that the phrase "before trial" grammatically modifies only the rule's reference to subpoenas for "the inspection of premises," not the other kinds of subpoenas that the rule enumerates. See ECF No. 58 at 3-4. Chishti's argument is not frivolous, and neither party cites binding authority interpreting Rule 45(a)(4)'s "before trial" requirement one way or another. See ECF Nos. 56, 58.

However, the clear weight of persuasive authority favors TRG-I's view over Chishti's view. See Stati, 2024 WL 3442663, at *7 n.3 (collecting cases). Chishti cites a handful of cases purportedly holding that Rule 45(a)(4)'s notice requirement still applies in the post-judgment context. See ECF No. 54 at 9; ECF No. 58 at 4-5. But only a few of Chishti's cases, and only one from this District, actually so hold. See Cessna Fin. Corp. v. Al Ghaith Holding Co. PJSC, No. 15 Civ. 9857, 2021 WL 949714, at *6 (S.D.N.Y. Mar. 12, 2021); Bolton v. Inland Fresh Seafood Corp. of Am., Inc., No. 22 Civ. 4602, 2024 WL 3914838, at *1 (N.D. Ga. June 7, 2024); Cardinale v. Vitamin Emporium, Inc., No. 21 Civ. 379, 2023 WL 8877886, at *2 (M.D. Fla. Dec. 22, 2023); Monroe v. FTS USA, LLC, No. 24 Misc. 243, 2024 WL 3555367, at *4 (M.D. Pa. July 26, 2024). And none of these cases expressly interprets Rule 45(a)(4)'s reference to subpoenas issued

5

"before trial" or explains why that qualifier should apply only to subpoenas for the inspection of premises. See also ECF No. 56 at 7-8.[2] Accordingly, although the Court acknowledges that Rule 45(a)(4) is not a model of grammatical perfection, the Court declines to impose a notice requirement for post-judgment subpoenas where the rule has long been read otherwise and where Chishti points to no authority explaining why subpoenas for the inspection of premises merit different treatment.[3]

Moreover, even were the Court to agree with Chishti, "the consequence of untimely notice should not be an automatic quashing of the subpoena, at least in the absence of prejudice to the opposing party." See 9A Fed. Prac. & Proc. Civ. § 2454 (3d ed. 2025). Here, Chishti does not allege that any subpoena recipient has produced any documents, and he filed the instant motion before the return date of the subpoenas -- evidence that he was not unduly prejudiced. See Morocho v. Stars Jewelry by A Jeweler Corp., 345 F.R.D. 292, 294 (S.D.N.Y. 2024) (collecting cases).

---

[2] Chishti's other cases do not address Rule 45(a)(4)'s notice requirement at all. See Universitas Educ., LLC v. Nova Grp., Inc., No. 11 Civ. 1590, 2013 WL 3328746, at *4 (S.D.N.Y. July 2, 2023); Amtrust N. Am., Inc. v. Preferred Contractors Ins. Co. Risk Retention Grp., LLC, No. 15 Civ. 7505, 2016 WL 6208288, at *2 (S.D.N.Y. Oct. 18, 2016); In re DMCA Section 512(h) Subpoena to YouTube (Google, Inc.), 581 F. Supp. 3d 509 (S.D.N.Y. 2022).

[3] The Court notes that there are also policy reasons to not require notice in the post-judgment context. "Tipping off a judgment debtor that discovery of its assets is imminent may give it an opportunity to move or conceal those assets." Stati, 2024 WL 3442663, at *7.

Because the Court holds that TRG-I was not obligated to notify Chishti of the subpoenas at issue and that any improper failure to notify Chishti would not have been a basis, on its own, to quash the subpoenas, the Court denies Chishti's passing request to "order TRG-I to produce to [Chishti] copies of all subpoenas propounded to date and produce in real time all future subpoenas." See ECF No. 54 at 1; see also ECF No. 56 at 9.

Second, Chishti argues that the subpoenas "seek communications protected by the attorney-client and other privileges." ECF No. 54 at 3-6. Chishti's reference to "other privileges" perplexes the Court because his moving papers discuss only the attorney-client privilege and refer only to the five subpoenas directed to law firms of which Chishti was or is a client. See ECF No. 54. In his reply papers, moreover, Chishti abandons any argument he may have made "to quash on privilege grounds as to the two subpoenas to banks." ECF No. 58 at 5 n.2. Thus, because Chishti acknowledges that he has advanced no specific claim of privilege as to the subpoenas issued to financial institutions Banco Popular de Puerto Rico and Stanford Financial Credit Union, the Court denies Chishti's motion to the extent that it seeks to quash those subpoenas.[4]

---

[4] Should these or any of the subpoena recipients assert that documents responsive to the subpoena are privileged, they may be entitled to withhold such documents pursuant to the procedures set forth in Fed. R. Civ. P. 45(e)(2). See ECF No. 56 at 13. And should any subpoena recipient believe that compliance is unduly burdensome, it -- not Chishti -- may move the Court to quash the subpoena or to appropriately allocate the costs of compliance. See, e.g., In re Subpoena to Loeb & Loeb LLP, No. 19 Misc. Civ. 241, 2019 WL 2428704, at *4-6 (S.D.N.Y.

The subpoenas that TRG-I issued to Chishti's current and former law firms request the production of seven (or, in one case, nine) categories of documents. See, e.g., ECF No. 55, Ex. 1 at 9-10.[5] In each subpoena, all but two of the requests seek documents broadly concerning the financial relationship between Chishti and the subject firm -- i.e., documents concerning any "financial obligations owed to [the law firm] by [Chishti] or [Chishti's] Spouse"; "any payment . . . that [Chishti] or [Chishti's] Spouse has made or is obligated to make to [the law firm]; any of Chishti's or his spouse's assets that the law firm is "in possession of, for any reason"; any accounts or trusts containing such assets; and deposits or withdrawals from such accounts or trusts. See id. Absent from Chishti's moving papers is any specific argument as to why these requests seek privileged documents. In fact, Chishti cites several cases holding that information concerning the payment of attorney's fees and the sources and methods of payment is generally not privileged. See ECF No. 54 at 5 (citing SEC v. Sassano, 274 F.R.D. 495, 497 (S.D.N.Y. 2011); Avalon Holdings Corp. v. Gentile, --- F.R.D. ---, 2025 WL 1463038, at *1 (S.D.N.Y. May 22, 2025)). The

---

June 11, 2019) (denying third party's motion to quash subpoena but requiring party serving subpoena to bear costs and fees of compliance).

[5] Because the subpoenas that TRG-I issued to law firms are substantially similar to one another, the Court cites and quotes from only the first of them, except in discussing provisions that are distinctive to a particular subpoena.

Court therefore denies Chishti's motion to the extent that it seeks to quash these requests.[6]

Chishti focuses on Requests 6 and 7 (which are identical to Requests 7 and 9, respectively, in the subpoena that TRG-I issued to Brown Rudnick LLP). See ECF No. 56 at 11; ECF No. 55-2 at 9-10.[7] These requests seek "[a]ll Communications . . . concerning the transfer of any asset or property of any kind whatsoever between [the law firm] and [Chishti] or [Chishti's] Spouse" (Request 6; Request 7 to Brown Rudnick) and "[a]ll Communications with [Chishti] concerning the repudiation, payment, or non-payment of the judgment in this Action and the Final Award, or any other action to enforce the Final Award" (Request 6; Request 9 to Brown Rudnick). See, e.g., ECF No. 55, Ex. 1 at 10.

The Court denies Chishti's motion as to Request 6 for substantially the same reasons that it denies his motion as to the preceding requests. Request 6 seeks documents relating to transfers of assets or property between Chishti and each law firm. Such transfers are quintessentially made in order to pay attorney's fees -- a subject

---

[6] Despite moving to quash the subpoenas in their entirety, see ECF Nos. 53-54, Chishti represents in his reply papers that he was never seeking to challenge at least two of these requests, see ECF No. 58 at 6, or perhaps not any of them, see id. at 6 n.3. But, in fact, the most plausible reading of Chishti's moving papers is that Chishti was asserting privilege as to each and every request in the subpoenas to law firms because Chishti alluded to all the requests and argued that even "documents like billing records almost always contain privileged information." See ECF No. 54 at 4-5.

[7] For convenience, the Court refers to the former of these requests as "Request 6" and the latter of them as "Request 7," notwithstanding the different numbering in the subpoena to Brown Rudnick.

9

that, as Chishti apparently now agrees, see ECF No. 58 at 6 n.3, is generally not subject to the attorney-client privilege, see, e.g., In re Subpoena Duces Tecum Served on Clarick Gueron Reisbaum, LLP, No. M8 Misc. 85, 2010 WL 4967441, at *2 (S.D.N.Y. Nov. 30, 2010) (collecting cases).

But the Court grants Chishti's motion as to Request 7 because, as he correctly points out, that request "requires disclosure of privileged or other protected matter." See ECF No. 54 at 4-5; ECF No. 58 at 6; Fed. R. Civ. P. 45(d)(3)(A)(iii). TRG-I's request plainly seeks documents containing or discussing communications between Chishti and his counsel concerning matters at the very heart of this litigation -- that is, whether and how the Final Award and this Court's judgment may be enforced, paid, or repudiated. Indeed, Request 7 is so broadly worded as to implicate communications between Chishti and his counsel about such core questions as whether to file a cross-petition to vacate the underlying arbitration award and, if so, what arguments to make therein.

Thus, the Court grants Chishti's motion to the extent that it seeks that Request 7 be quashed. The Court hereby modifies the subpoenas to exclude that request. See Fed. R. Civ. P. 45(d)(3)(A). The Court denies the motion in all other respects.

\* \* \*

Finally, the Court addresses TRG-I's request to sanction Chishti by ordering him to pay the attorney's fees that TRG-I incurred in opposing his motion. See ECF No. 56 at 13-15. Because the Court grants

10

Chishti's motion in part, it cannot conclude that the motion was wholly "frivolous" or filed in "bad faith," as TRG-I would have the Court hold. See id. at 13, 14. The Court notes, however, that some of the arguments Chishti advances in support of his motion are not "warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law," see Fed. R. Civ. P. 11(b)(2), and that some of Chishti's representations about the content of his own moving papers strain credulity. Accordingly, although the Court denies TRG-I's request to sanction Chishti in connection with this motion, the Court cautions Chishti to remain within the bounds of Rule 11 in any future applications he may make.

The Clerk of Court is respectfully directed to terminate the motion at docket number 53.

SO ORDERED.

New York, NY
September 12, 2025

_____
JED S. RAKOFF, U.S.D.J.