```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```

| | |
|---|---|
| THE RESOURCE GROUP INTERNATIONAL LIMITED,<br><br>      Petitioner,<br><br>    -v-<br><br>MUHAMMAD ZIAULLAH KHAN CHISHTI,<br><br>      Respondent. | 25-cv-1021 (JSR)<br><br>MEMORANDUM ORDER |

JED S. RAKOFF, U.S.D.J.:

Before the Court is the motion of petitioner The Resource Group International Ltd. ("TRG-I") to compel respondent Muhammad Ziaullah Khan Chishti to respond to certain post-judgment document requests and interrogatories in this action. See ECF No. 64. TRG-I's motion was fully briefed on September 15, 2025. See ECF No. 67.

TRG-I's motion arises out of disputes between the parties concerning some forty-three requests for the production of documents, along with some fifteen interrogatories, that TRG-I propounded on Chishti on July 22, 2025. See ECF Nos. 64-1, 64-2. The requests for production and interrogatories seek from Chishti a wide swath of documents and information that TRG-I represents are relevant to its capacity to collect on the Court's judgment. For the following reasons, the Court grants TRG-I's motion in part and denies it in part.[1]

---

[1] The Court presumes familiarity with the factual background and procedural history of this action, as well as with the particulars of the discovery requests at issue.

1

"The rules governing discovery in postjudgment execution proceedings are quite permissive." Republic of Argentina v. NML Capital, Ltd., 573 U.S. 134, 138 (2014). Under Federal Rule of Civil Procedure 69(a)(2), a judgment creditor "may obtain discovery from any person -- including the judgment debtor --" when that discovery is "[i]n aid of the judgment or execution." Because discovery is permissible to the extent that it is "calculated to assist in collecting on a judgment," EM Ltd. v. Republic of Argentina, 695 F.3d 201, 207 (2d Cir. 2012), a judgment creditor "need not prove that post-judgment discovery will lead to attachable or executable assets in order to obtain that discovery," Citibank, N.A. v. Aralpa Holdings Ltd. P'ship, No. 22 Civ. 8842, 2024 WL 1555231, at *3 (S.D.N.Y. Apr. 10, 2024) (cleaned up). Accordingly, post-judgment discovery requests may seek information "about assets on which execution can issue or about assets that have been fraudulently transferred or are otherwise beyond the reach of execution." 12 Fed. Prac. & Proc. Civ. § 3014 (3d ed.). And while "[o]rdinarily third persons can be examined only about the assets of the judgment debtor," id., postjudgment discovery may be "permitted against a non-party where the relationship between the judgment debtor and the non-party is sufficient to raise a reasonable doubt about the bona fides of the transfer of assets between them," Magnaleasing, Inc. v. Staten Island Mall, 76 F.R.D. 559, 562 (S.D.N.Y. 1977).

These principles inform the Court's resolution of TRG-I's motion. First, TRG-I seeks an order compelling Chishti to respond to its

discovery requests to the extent that they "seek information concerning assets, property[,] and entities not owned solely by him." ECF No. 64 at 2. Chishti has identified no authority that entitles him to withhold discovery concerning assets that he happens to co-own with others, see ECF No. 67, and information about such assets is assuredly "calculated to assist in collecting on [the] judgment," see EM Ltd., 695 F.3d at 207. Thus, TRG-I is entitled to responses to its requests concerning assets that Chishti may jointly own with others, and Chishti is ordered to respond.

Second, TRG-I seeks an order compelling Chishti to respond to its discovery requests to the extent that they "seek information concerning assets purportedly owned by" Chishti's spouse, Sarah Pobereskin, or to the extent that they seek information regarding pre- and post-nuptial agreements between Chishti and Pobereskin. ECF No. 64 at 2, 4. While Pobereskin is a party neither to this action nor to the underlying arbitration proceeding, the arbitrator found that Chishti was the beneficial owner of certain shares held in Pobereskin's name. See ECF No. 36-1 at 58 n.21. Moreover, the arbitrator found, Chishti "exercised a measure of control over the bank accounts and trading activity that facilitated [Poberskin's] prior acquisition/sale of [the] shares"; Chishti "at times provided [Pobereskin] with the funds used to acquire [the] shares"; and, "on at least one occasion," Pobereskin "returned the proceeds of [the] sale" of shares to Chishti. Id. These findings create a "reasonable doubt" regarding the ownership of assets held in Pobereskin's name and about the nature of transfers

3

of assets between Chishti and Pobereskin. If such a doubt is sufficient to justify discovery into the assets of a non-party, it is surely sufficient to justify discovery into a judgment debtor's relationship to that non-party. Cf. Magnaleasing, 76 F.R.D. at 562. Accordingly, TRG-I is entitled to responses to its requests regarding assets that are nominally owned by Pobereskin and regarding Chishti's pre- and post-nuptial agreements with her, and Chishti is ordered to respond.[2]

Third, TRG-I seeks an order compelling Chishti to respond to its discovery requests in reference to the time period between January 1, 2021, and the present. See ECF No. 64 at 3. Chishti's position is that the relevant time period is from January 12, 2023, when TRG-I commenced the underlying arbitration, to July 22, 2025, when TRG-I served the requests at issue. See id. at 3 & n.2; ECF No. 67 at 2-3. The Court agrees partially with TRG-I and partially with Chishti. Because Chishti does not dispute that he received tens of millions of dollars in cash and shares from TRG-I in January 2022 but represents that he presently has only tens of thousands of cash on hand, TRG-I is entitled to "trace the path of those assets," whether or not doing so reveals any transactions that may be subject to challenge. See Symons Int'l Grp.,

---

[2] Chishti contends that TRG-I's requests are inappropriate because TRG-I has purportedly demanded "Ms. Pobereskin's documents." ECF No. 67 at 3. Of course, Chishti cannot be required to produce documents that are not in his possession, custody, or control. See Fed. R. Civ. P. 34(a)(1). Additionally, as discussed further below, Chishti may assert -- and TRG-I may challenge the assertion of -- spousal privilege pursuant to the procedures set forth in Fed. R. Civ. P. 45(e)(2). None of these considerations renders TRG-I's requests for documents concerning Pobereskin facially inappropriate.

Inc. v. Cont'l Cas. Co., No. 01 Civ. 799, 2015 WL 4392933, at *5 (S.D. Ind. July 15, 2015).[3] Thus, Chishti is ordered to respond to TRG-I's discovery requests in reference to the period of time between January 1, 2021, and July 22, 2025. However, Chishti is not obligated to respond to the discovery requests in reference to the period of time beginning July 23, 2025. Although the requests provide that they are "continuing in nature," meaning that Chishti is "required to promptly serve supplementary responses" upon obtaining "additional or different information," that provision does not somehow impose on Chishti an obligation to produce documents dated after TRG-I served its requests, which demanded the production of documents only through "today," that is, July 22, 2025. See ECF No. 64-1 at 3 ¶ 3, 5 15; ECF No. 64-2 at 5 ¶¶ 9, 11.

Fourth, the parties have several disputes with regard to purportedly "duplicative" requests. Chishti objects to certain requests on the basis that they duplicate one another, and he objects to other requests on the basis that they seek information that was already produced to TRG-I during the underlying arbitration. See ECF No. 64 at 3-4. While Chishti is not obligated to produce a separate,

---

[3] Chishti argues that Symons is distinguishable because the court there granted discovery only in reference to the period the case was pending. See ECF No. 67 at 3; Symons, 2015 WL 4392933, at *4. However, the Symons court reasoned that authorizing extensive discovery was appropriate because the plaintiff once "had several million dollars in assets that could have been used to partially satisfy the judgment" but then "represented that he lacks access to such assets." Symons, 2015 WL 4392933, at *4. TRG-I contends, and Chishti does not dispute, that the same is true here. See ECF No. 64 at 2.

identical copy of any particular document in response to each request to which that document is responsive, and while Chishti is not obligated to produce a second, identical copy of any document that he already produced to TRG-I, he may not evade his obligations to produce further documents simply by asserting that a request is duplicative.

<u>Fifth</u>, to the extent that Chishti claims that any discovery request seeks documents or information subject to privilege, he may withhold the documents or information as to which he asserts privilege pursuant to the procedures set forth in Federal Rule of Civil Procedure 45(e)(2). TRG-I may, for its part, challenge Chishti's assertions of privilege pursuant to the same rule.

<u>Sixth</u>, the Court directs the parties to work in good faith to implement the foregoing rulings in reference to their disputes concerning individual discovery requests. The Court also hereby enters the following rulings with regard to discrete disputes not encompassed in the discussion above:

- As to RFP No. 13, Chishti is ordered to produce all responsive documents in his possession, custody, or control. Information about the "planned or contemplated transfer" of Chishti's securities, even if it may not "lead to attachable or executable assets," <u>Aralpa Holdings Ltd.</u>, 2024 WL 1555231, at *3, is still "arguably related to the creditor's efforts to trace the debtor's assets," <u>id.</u> (quoting <u>Gujarat State Petroleum Corp. v. Republic of Yemen</u>, No. 19 Misc. 547, 2022 WL 1567464, at *8 (S.D.N.Y. May 18, 2022)).

- As to RFP No. 17, Chishti is ordered to produce all responsive documents in his possession, custody, or control. Information about the "true nature" of the litigation between Chishti and JS Bank, ECF No. 64 at 4, is "calculated to assist in collecting on a judgment," <u>EM Ltd.</u>, 695 F.3d at 207, to the extent that the information reveals whether the litigation is collusive.

- As to RFP No. 20, the Court sustains Chishti's objection that the request is overly broad in scope. The request seeks all documents in Chishti's possession, custody, or control concerning "loans, investments, transfers of funds or assets[,] or payment of any expenses" between Chishti "and any entities," see ECF No. 64-7 (emphasis added), a demand whose sweep is out of proportion to its burden. Chishti is ordered, however, to produce all such documents in his possession, custody, or control with reference to the entities specifically named in the request.

- As to RFP No. 27, Chishti is ordered to produce all responsive documents in his possession, custody, or control. Documents exchanged between Chishti and his financial advisors are plainly "calculated to assist in collecting on a judgment," EM Ltd., 695 F.3d at 207. Chishti's objection to this request is boilerplate to the point of meaninglessness. See, e.g., Fischer v. Forrest, No. 14 Civ. 1304, 2017 WL 773694, at *3 (S.D.N.Y. Feb. 28, 2017).

- As to RFP No. 30, Chishti is ordered to produce all responsive documents in his possession, custody, or control. The "verification" that Chishti proposes to sign in connection with this request is inconsistent with public statements he has apparently allowed to be issued on the matter. See ECF No. 64-12. Because the request may result in the production of information "about assets on which execution can issue," 12 Fed. Prac. & Proc. Civ. § 3014, or may enable TRG-I to "trace the path of those assets," Symons Int'l Grp., 2015 WL 4392933, at *5, TRG-I is entitled to discovery.

- As to RFP No. 38, the Court previously held that this request, when propounded on Chishti's lawyers, improperly sought the disclosure of categorically privileged material. See ECF No. 63 at 10; Fed. R. Civ. P. 45(d)(3)(A)(iii). TRG-I's request to Chishti, however, seeks all documents concerning the "repudiation, payment, or non-payment" of the Court's judgment and the underlying arbitration award, not only communications on those topics between Chishti and his counsel. See ECF No. 64-1 ¶ 38. The Court therefore narrows RFP No. 38 to exclude communications between Chishti and his lawyers; it orders Chishti to produce all otherwise responsive documents in his possession, custody, or control.

- As to RFP No. 41, Chishti is ordered to produce all responsive documents in his possession, custody, or control. Even if Chishti's representation that he is "not a shareholder, director, officer, or board member of Isbei Ltd." is true, see ECF No. 67 at 4, TRG-I has identified well-pleaded allegations

that Chishti has identified himself as a "founder" of that entity, see ECF No. 64-13 at 5. Accordingly, documents concerning any audit of Isbei, Ltd. are "arguably related to the creditor's efforts to trace the debtor's assets." See Aralpa Holdings Ltd., 2024 WL 1555231, at *3.

The Clerk of Court is respectfully directed to terminate the motion at docket number 64.

SO ORDERED.

New York, NY
September 17, 2025

_____
JED S. RAKOFF, U.S.D.J.