UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

THE RESOURCE GROUP
INTERNATIONAL LIMITED,

        Petitioner,

    -against-

MUHAMMAD ZIAULLAH KHAN
CHISHTI,

        Respondent.

Case No.: 25-cv-1021 (JSR)

---

**TEMPORARY RESTRAINING ORDER AND ORDER TO
SHOW CAUSE WHY A PRELIMINARY INJUNCTION SHOULD NOT ISSUE**

Upon The Resource Group International Limited's ("TRG-I" or "Petitioner") Memorandum of Law in Support of its Motion for a Temporary Restraining Order and a Preliminary Injunction, dated October 30, 2025; the Declaration of Pat Costello, dated October 30, 2025, together with the exhibits annexed thereto; and the Declaration of Katie L. Gonzalez, dated October 30, 2025, together with the exhibits annexed thereto; and all other pleadings and proceedings herein, the Court makes the following preliminary findings of fact and conclusions of law:

**PRELIMINARY FACTUAL FINDINGS & CONCLUSIONS OF LAW**

1. On June 20, 2025, this Court entered its final judgment confirming a final arbitration award, which, *inter alia*, ordered Respondent Muhammad Ziaullah Khan Chishti ("Respondent") to pay TRG-I $9,053,606.34. Dkt. No. 36-1; Dkt. No. 41 (the "Judgment").

2. To date, Respondent has not paid any portion of the Judgment.

1

3. In response to post-judgment asset discovery, Respondent has claimed that his total liquid, unencumbered assets currently amount to less than $100,000, despite having received more than $60 million in cash and liquid securities in January 2022.

4. This Court, however, ordered Respondent to respond to discovery requests concerning accounts in the name of his wife, Sarah Jennifer Pobereskin ("Ms. Pobereskin"), including because the Court found a "'reasonable doubt' regarding the ownership of assets held in Pobereskin's name and about the nature of transfers of assets between Chishti and Pobereskin." Dkt. No. 72 at 3-4.

5. In addition, this Court ordered that TRG-I is permitted to serve asset discovery subpoenas on third parties without notice to Respondent. Dkt. No. 63.

6. In response to one such subpoena from TRG-I, third-party Bank of America, N.A. produced documents on September 30, 2025, principally comprising account statements concerning an account held in Ms. Pobereskin's name bearing account number ▇▇▇▇ 9784 (the "Bank of America Account") from December 16, 2020 through August 14, 2025.

7. These account statements showed that the Bank of America Account had a balance of $5,183,471.63 as of August 14, 2025.

8. The account statements also showed that since at least 2021, Respondent has transferred nearly $3.2 million directly into the Bank of America Account, and transfers of more than $4.5 million have been made out of the Bank of America Account to other accounts in Respondent's name.

9. One of these inbound transfers into the Bank of America Account was made by Respondent in the amount of $695,000 on May 30, 2025, which was after the Final Award was issued

in the underlying arbitration ordering Respondent to pay TRG-I $9,053,606.34. There is no evidence that Respondent received any consideration for this transfer.

10. The account statements show that the following week, the Bank of America Account was used to pay Mr. Chishti's legal bills: on June 5, 2025, $130,000 was wired from the Bank of America Account to Sheppard, Mullin, Richter & Hampton LLP ("Sheppard Mullin"), Respondent's counsel in this proceeding, and on June 6, 2025, $100,000 was wired to Carey Olsen Bermuda ("Carey Olsen"), Respondent's counsel in an ongoing Bermuda proceeding.

11. A large portion of the funds remaining in the Bank of America Account reflects the proceeds of the sale of equity owned by Ms. Pobereskin in her employer, G.H. Smart, a consulting firm, for approximately $4.6 million.

12. The purchase of that equity was funded entirely by $3 million received from Respondent in March 2022.

13. Another significant portion of the funds remaining in the Bank of America Account reflects a cumulative $800,000 in purported loan repayments from Isbei Limited ("Isbei"), a company Respondent created and funded after departing TRG-I.

14. Respondent has not disclosed the existence of the Bank of America Account in response to TRG-I's discovery requests, despite being obligated to do so. TRG-I discovered the existence of the Bank of America Account from productions made by third parties.

15. While still ongoing, based on discovery provided to date, besides the Bank of America Account, Respondent does not appear to have any meaningful assets in the United States that can be executed upon to satisfy the Judgment.

16. The Court has personal jurisdiction over Respondent and Ms. Pobereskin.

17. Petitioner is likely to prevail on its forthcoming turnover motion under Federal Rule of Civil Procedure 69 and New York Civil Practice Law and Rule 5225, seeking an order turning over the funds in the Bank of America Account in partial satisfaction of the Judgment.

18. Petitioner is likely to suffer irreparable harm unless Respondent and Ms. Pobereskin are temporarily restrained and preliminarily enjoined:

    a. Petitioner has well-founded fears that if Respondent and Ms. Pobereskin are not barred from dissipating the Bank of America Account during the pendency of TRG-I's forthcoming application for a turnover order, there is a high likelihood that they will immediately transfer the funds contained therein to accounts in the names of other persons and entities and/or overseas as a means of rendering the turnover remedy ineffective; and

    b. TRG-I would be irreparably harmed if Respondent and Ms. Pobereskin were permitted to transfer their remaining assets out of TRG-I's reach while this Court is adjudicating the turnover motion, which could easily be done given the liquidity of the financial assets and their overseas connections, and in light of Respondent's history of concealing assets and placing them in others' names.

19. The balance of potential harm to Respondent and Ms. Pobereskin is outweighed by the potential harm to Petitioner, as Respondent, in conjunction with Ms. Pobereskin, would likely dissipate the funds in the Bank of America Account, potentially rendering the money permanently unrecoverable.

20. Because Respondent and Ms. Pobereskin do not depend on the Bank of America Account for daily living expenses, this requested injunctive relief would not constrain their ability to pay for their day-to-day necessities.

21. Public interest favors issuance of the temporary restraining order ("TRO") because permitting Respondent and Ms. Pobereskin to dissipate or move assets from the Bank of America Account to render this judgment unrecoverable would undermine the rule of law and respect for this Court's judgments.

22. Petitioner's request for this emergency *ex parte* relief is not the result of any lack of diligence on Petitioner's part, but instead, is based upon the nature of Respondent's and Ms. Pobereskin's conduct as described above.

23. Petitioner's application for *ex parte* relief is justified because if Respondent and Ms. Pobereskin are given notice of the application for a TRO, they are highly likely to transfer the funds contained in the Bank of America Account to accounts in the names of other persons and entities and/or overseas as a means of rendering the turnover remedy ineffective, thus making the TRO itself ineffective and resulting in the very irreparable harm it is intended to prevent.

24. Service on Respondent via ECF and Ms. Pobereskin via her counsel in Puerto Rico is reasonably calculated to result in proper notice.

## ORDER

Based on the foregoing preliminary findings of fact and conclusions of law, it is hereby:

ORDERED that Respondent and Ms. Pobereskin and their respective agents, designees, representatives, servants, officers, employees, members, managers, attorneys, or anyone else acting on their behalf or in concert with them, are restrained from transferring, selling, pledging,

assigning, encumbering, or otherwise disposing, or causing any other person to transfer, sell, pledge, assign, encumber, or otherwise dispose of any funds of the Bank of America Account for fourteen (14) days from the date of this order, and for such further period as may be provided by order of the Court.

IT IS FURTHER ORDERED that Mr. Chishti and Ms. Pobereskin show cause before this Court on November 12, 2025 at 3:30 p.m., or as soon thereafter as counsel may be heard, at Courtroom 14B of the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, New York, New York 10007, why an order should not be issued and entered herein:

(1) Preliminarily enjoining Mr. Chishti and Ms. Pobereskin and their respective agents, designees, representatives, servants, officers, employees, members, managers, attorneys, or anyone else acting on their behalf or in concert with them, from transferring, selling, pledging, assigning, encumbering, or otherwise disposing, or causing any other person to transfer, sell, pledge, assign, encumber, or otherwise dispose of any funds of the Bank of America Account until the Court decides Petitioner's forthcoming turnover motion; and

(2) Granting such other and further relief as this Court deems just and proper.

IT IS FURTHER ORDERED that Petitioner's counsel shall, by October 31, 2025, serve a copy of this Order to Show Cause, together with a copy of the papers upon which it is based, on Respondent by email on Mr. Chishti's counsel, Benjamin Chew and John Doyle of Sheppard, Mullin, Richter & Hampton LLP, 2099 Pennsylvania Avenue, NW Suite 100, Washington, DC 20006 (bchew@sheppardmullin.com; jdoyle@sheppardmullin.com), which service shall be deemed good and sufficient service on Respondent pursuant to Rule 4(f) of the Federal Rules of Civil Procedure;

IT IS FURTHER ORDERED that Petitioner's counsel shall, by October 31, 2025, serve a copy of this Order to Show Cause, together with a copy of the papers upon which it is based, on Ms. Pobereskin by email on Ms. Pobereskin's counsel in her action in the District of Puerto Rico to quash Petitioner's subpoena directed to her, Christopher A. Davila-Rodriguez of Reichard & Escalera LLC, P.O. Box 364148, San Juan, Puerto Rico 00936 (cdavila@reichardescalera.com), which service shall be deemed good and sufficient service on Respondent pursuant to Rule 4(f) of the Federal Rules of Civil Procedure;

IT IS FURTHER ORDERED that Petitioner's counsel shall, by October 31, 2025, serve an unredacted copy of this Order to Show Cause, together with a copy of the papers upon which it is based, on Ms. Pobereskin, regardless of confidentiality designations and that the obligations of the Protective Order, Dkt. No. 71, are deemed to apply to Ms. Pobereskin.

IT IS FURTHER ORDERED that papers in opposition to Petitioner's application for a temporary restraining order and preliminary injunction be served on Petitioner's counsel (by ECF) so as to be received by them on or before November 7, 2025, and that reply papers in further support of Petitioner's application be served on counsel for Mr. Chishti and Ms. Pobereskin (by ECF) so as to be received by them on or before November 10, 2025;

IT IS FURTHER ORDERED that this temporary restraining order shall be effective upon entry and continue in effect provided that TRG-I post security in the amount of $10,000 with the Clerk of the Court on or before October 31, 2025; and

SO ORDERED on October 30, 2025, at 4:55 p.m. in New York, New York.

_____
Hon. Jed S. Rakoff, United States District Judge