UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
┌─────────────────────────────────────────────┐
│ THE RESOURCE GROUP INTERNATIONAL              │
│ LIMITED,                                      │
│                                               │
│              Petitioner,                      │
│                                               │
│      -v-                                      │
│                                               │
│ MUHAMMAD ZIAULLAH KHAN CHISHTI,               │
│                                               │
│              Respondent.                      │
└─────────────────────────────────────────────┘
```

25-cv-1021 (JSR)

PRELIMINARY
INJUNCTION

JED S. RAKOFF, U.S.D.J.:

Before the Court is the motion of petitioner The Resource Group International Ltd. ("TRG-I") for a preliminary injunction prohibiting respondent Muhammad Ziaullah Khan Chishti, third-party Sarah Jennifer Pobereskin, and persons acting on their behalf or in concert with them from transferring or otherwise disposing of funds held in a savings account at Bank of America, N.A., that is titled in Pobereskin's name. See ECF No. 74. On October 30, 2025, the Court entered a Temporary Restraining Order granting the relief requested by TRG-I on an interim basis. See ECF No. 73. Upon the consent of the parties and Pobereskin, the Court modified the Temporary Restraining Order on November 6, 2025, by, among other things, correctly identifying the bank account at issue and extending the effect of the Temporary Restraining Order until such time as the Court conducted a show-cause hearing and ruled on petitioner's motion for a preliminary injunction. See ECF No. 84.

Petitioner's motion was fully briefed on December 12, 2025. See ECF Nos. 88, 89, 104. Beginning on December 17, 2025, and concluding

1

on December 22, 2025, the Court held a show-cause hearing at which respondent and Pobereskin testified. The Court received supplemental briefing from the parties on December 23, 2025. See ECF Nos. 110, 112.

Based on the parties' submissions, the arguments of counsel, and the evidence introduced at the show-cause hearing, and after careful consideration, the Court hereby grants in part and denies in part petitioner's motion for a preliminary injunction.

The Court hereby orders that respondent and Pobereskin, and their respective agents, designees, representatives, servants, officers, employees, members, managers, attorneys, or anyone else acting on their behalf or in concert with them, are restrained from transferring, selling, pledging, assigning, encumbering, or otherwise disposing, or causing any other person to transfer, sell, pledge, assign, encumber, or otherwise dispose of $1,200,000 of the funds contained in the savings account, ending in account number -5826, that is held in Pobereskin's name at Bank of America. This injunction is effective immediately and will remain in effect until such time as the Court has disposed of petitioner's forthcoming motion for turnover of the funds in the aforementioned account. For the avoidance of doubt, this injunction does not restrict respondent, Pobereskin, or anyone acting on their behalf or in concert with them from transferring funds into, transferring funds out of, or otherwise transacting in the aforementioned account, so long as the balance of the account does not fall below $1,200,000 at any time while this injunction is in effect.

A full Opinion setting forth the reasons for the Court's

2

determination above will issue promptly and, in any case, no later than January 6, 2026. Counsel for the parties and Pobereskin are ordered to jointly call Chambers within two business days of the issuance of that Opinion so that the Court can promptly set a briefing schedule on petitioner's turnover motion.

SO ORDERED.

New York, NY
December 24, 2025

JED S. RAKOFF, U.S.D.J.