UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

THE RESOURCE GROUP INTERNATIONAL
LIMITED,

       Petitioner,

   -v-

MUHAMMAD ZIAULLAH KHAN CHISHTI,

       Respondent.

25-cv-1021 (JSR)

ORDER

JED S. RAKOFF, U.S.D.J.:

Before the Court is the motion of petitioner The Resource Group International Limited ("TRG-I") for turnover of the securities of TRG Pakistan Limited ("TRG-P") and Isbei Limited ("Isbei") held in the name of third-party Sarah Jennifer Pobereskin, or so much of those securities as would be sufficient to satisfy the outstanding balance of this Court's judgment against respondent Muhammad Ziaullah Khan Chishti. See ECF Nos. 41 (judgment), 119 (turnover motion). On March 16, 2026, Pobereskin demanded a trial by jury on all issues related to TRG-I's motion that are so triable. See ECF No. 126.

TRG-I's motion was fully briefed on April 9, 2026, and the Court held oral argument on April 15, 2026. At oral argument, TRG-I and Pobereskin confirmed, and the Court adopted, their shared view that Pobereskin is entitled to trial by jury on any issues as to which there are material disputes of fact, except that Pobereskin is not entitled to have a jury finally determine whether she may invoke against TRG-I the equitable doctrine of unclean hands.

1

Based on the parties' submissions and the arguments of counsel, the Court hereby resolves TRG-I's motion as follows.

TRG-I advances three independent theories of turnover. Its first theory is that, under N.Y. CPLR 5225(b), Chishti "has an interest" in Pobereskin's securities and is "entitled to the possession of" them. The Court hereby denies this prong of TRG-I's motion because, even assuming arguendo that Chishti actually controls Pobereskin's securities, TRG-I has not carried its burden to show, as a matter of law, that he is entitled to the possession of those securities.

TRG-I's second theory is that the securities at issue are the fruit of constructively fraudulent transfers from Chishti to Pobereskin that are voidable under N.Y. Debt. & Cred. Law § 273(a)(2). As to this prong of TRG-I's motion, the Court concludes that there are disputes of material fact bearing on, among other things, the value and liquidity of Chishti's assets, his ability to pay his debts, and whether TRG-I has unclean hands with respect to the illiquidity of certain of Chishti's assets. Accordingly, TRG-I is not entitled to judgment as a matter of law, and these factual issues must be tried by a jury or, as to unclean hands, to the Court.

TRG-I's third theory is that the transfers from Chishti to Pobereskin are also voidable as actually fraudulent under N.Y. Debt. & Cred. Law § 273(a)(1). The Court concludes that there are disputes of material fact as to this prong of TRG-I's motion as well, particularly as to the ultimate question of Chishti's intent at the time of each transfer at issue. Because TRG-I is not entitled to

2

judgment as a matter of law on this theory, the factual issues related to it must be tried by a jury.

Trial in this matter will firmly commence on May 26, 2026, at 9:30 a.m., in courtroom 14B of the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, New York, New York.

An Opinion setting forth the reasons for the Court's aforesaid rulings will issue promptly and, in any case, no later than May 1, 2026. In the meantime, counsel for the parties may jointly telephone Chambers with respect to any additional discovery requests prompted by these rulings, keeping in mind that the trial date will not be extended.

SO ORDERED.

New York, NY
April 17, 2026

JED S. RAKOFF, U.S.D.J.

3