UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

THE RESOURCE GROUP INTERNATIONAL
LIMITED,

        Petitioner,

  -v-

MUHAMMAD ZIAULLAH KHAN CHISHTI,

        Respondent.

25-cv-1021 (JSR)

ORDER

JED S. RAKOFF, U.S.D.J.:

The trial of the application of petitioner The Resource Group International Limited ("TRG-I") for turnover of certain securities held in the name of third-party Sarah Jennifer Pobereskin (wife of respondent Muhammad Ziaullah Khan Chishti) was previously scheduled to convene on May 26, 2026, and the parties were informed that this date was firm. See ECF No. 144 at 3; ECF No. 148 at 31. Nevertheless, on May 12, 2026, Pobereskin filed a motion to stay both the trial and all further proceedings on TRG-I's turnover motion, for at least ninety days. See ECF No. 153. TRG-I filed an opposition to the motion on May 14, 2026. See ECF No. 158. For the following reasons, Pobereskin's motion is hereby denied.

The basis for Pobereskin's motion is that, in her view, a chain of contingent future events might alter TRG-I's posture in this litigation. In brief, Pobereskin reasons that, because the Supreme Court of Pakistan recently entered a "bottom-line" Order in a challenge brought by respondent Muhammad Ziaullah Khan Chishti to certain

1

corporate governance decisions of TRG-I's parent company, TRG Pakistan Ltd. ("TRG-P"), it is "likely" that Chishti and his allies will regain control of TRG-P, and that TRG-P's new leaders will be able to exercise control over TRG-I and its litigation behavior. See ECF No. 153 at 2-3. Pobereskin further hypothesizes that, as a result, "the entities directing this litigation will likely be operating under materially different governance structures, with different incentives, leadership, and litigation objectives." Id.

Each link in Pobereskin's chain of contingencies is weak. To be sure, the Order entered by the Supreme Court of Pakistan on May 11, 2026, may presage changes in the leadership of TRG-P and its affiliates. But, as Pobereskin acknowledges, the Supreme Court of Pakistan's Order is subject to "detailed reasons to be recorded" and is "subject to what is set out therein by way of amplification or otherwise." ECF No. 153-1 at 2. Neither TRG-I nor Pobereskin can accurately predict when the Supreme Court of Pakistan will issue its reasons, nor what its rationale will turn out to be, nor whether further proceedings in the lower courts of Pakistan will be necessary. See ECF No. 158 at 6. And even assuming, arguendo, that the Supreme Court of Pakistan's forthcoming opinion resolves every contested legal issue with respect to TRG-P's governance, it does not necessarily follow that Chishti and his allies will regain control of that company. Indeed, a news report that Pobereskin attaches to her motion quotes Chishti as saying merely that he "plan[s] to contest for a seat on the board" and that he is "hopeful that we get three, possibly four seats."

2

ECF No. 153-7 at 4. Chishti's plans and hopes may come to pass, but they may not. And even if Chishti succeeds in obtaining for himself and his allies a majority of seats on TRG-P's board, that may not be sufficient for them to exercise control over the affairs of TRG-I because, among other things, TRG-P owns only "a non-controlling interest representing approximately 45% of the voting power" in TRG-P. See ECF No. 153-3 at 1.

All of this fatally undercuts Pobereskin's hypothesis that TRG-P's and TRG-I's "new management will likely change TRG-I's inefficient and unprofitable third-party collection efforts against her." ECF No. 153 at 1. Moreover, contrary to Pobereskin's view, nearly every individual or entity with an interest in this litigation (except herself) would be prejudiced by a stay. See id. at 5-10; see also Kappel v. Comfort, 914 F. Supp. 1056, 1058 (S.D.N.Y. 1996) (identifying parties whose interests are to be considered on motion for stay).

Pobereskin would also have the Court substitute her opinion, based on her personal assessment of TRG-I's litigation behavior to date, that the company lacks a "'private interest' in proceeding expeditiously," id. at 6, for TRG-I's express assertion that it has "a strong interest in collecting its judgment, including by obtaining turnover of" the assets whose ownership will be decided at trial, ECF No. 158 at 5.

The Court's interest in managing its docket is better served by resolving TRG-I's turnover motion expeditiously than by consigning that motion -- and every party affected by it -- to months, if not

years, of limbo. The "efficient administration of justice requires that a court effectively manage its docket, guaranteeing that its cases progress with appropriate speed." Johnson v. C.R. Bard, Inc., No. 19 Civ. 8478, 2021 WL 5910398, at *4 (S.D.N.Y. Dec. 10, 2021).[1] TRG-I's shareholders, too, have an interest in the timely resolution of this action, as does the public at large. See ECF No. 158 at 8-9.

The Court has considered Pobereskin's remaining arguments in support of her motion for a stay and finds them to lack merit. See Landis v. N. Am. Co., 299 U.S. 248, 254-56 (1936) (holding that court's inherent power to stay proceedings requires "exercise" of "judgment" and "discretion"). Accordingly, Pobereskin's motion for a stay is denied, and trial will commence, as firmly scheduled, on May 26, 2026.

SO ORDERED.

New York, NY
May 15 , 2026

JED S. RAKOFF, U.S.D.J.

---

[1] Pobereskin invokes this Court's decision in Bushnell v. Islamic Emirate of Afghanistan, No. 22 Civ. 8901, 2023 WL 3569776, at *1 (S.D.N.Y. May 18, 2023), citing it for the proposition that a stay would conserve judicial resources. But defendants in that case had not appeared, and the Court observed that it is a "rare case" where a "stay pending the resolution of independent proceedings" would be appropriate. Id. This case, which has already been vigorously litigated by TRG-I, Chishti, and Pobereskin, and in which trial is scheduled for two weeks from now, is in an entirely different posture.

4